**Irvin HAYS and Patricia Hays, husband and wife, Appellants,**

**v.**

**FRIENDLY NATIONAL BANK, a national banking institution, Appellee.**

**No. 52870.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 20, 1979.

Released for Publication by Order of Court of Appeals March 15, 1979.

Jernigan, Groves, Bleakley & Moorman by G. David Bryant, Oklahoma City, for appellants.

Davis & White by James W. Dawson, Oklahoma City, for appellee.

REYNOLDS, Judge:

Irvin Hays and Patricia Hays, plaintiffs in the trial court, appeal the granting of a Summary Judgment in favor of defendant, Friendly National Bank (Bank), arising out of a suit alleging wrongful deduction by defendant from plaintiffs' account.

The parties have stipulated to the facts. On September 18, 1976, the Appellants executed a check drawn on Bank made payable to the order of Performance Enterprises, Inc. (P.E.I.) in the sum of $2,909.92. The check was issued pursuant to a written agreement between the Appellants and P.E.I. in exchange for two fruit juice vending machines and 768 cans of fruit juice. P.E.I. subsequently breached this contract by not delivering the aforementioned items. On September 22, 1976, P.E.I. presented the check to Bank, who accepted it without P.E.I.'s endorsement thereon. Bank then issued a cashier's check in the same sum also made payable to the order of P.E.I. The cashier's check was subsequently paid by Bank when received with the endorsement.

Should drawee bank be liable to the drawer of a personal check when the drawee bank issues a cashier's check payable to the same payee, without requiring the endorsement of the payee on the personal check?

In *Swan Air Conditioning Company v. Crest Construction Corporation*, Okl.App., 568 P.2d 1330 (1977), in an opinion by Judge Neptune, the court held that a bank is not liable to the drawer of checks drawn on it for issuing cashier's checks payable to the same payees in the same amounts, even in the absence of the endorsement of the payees. The court reasoned that the making of the cashier's check merely changed the form of the instrument without altering the essence of the drawer's order to pay.

The payees received the money ordered by the drawer to be paid without any party being disadvantaged thereby.

Here, Appellants ordered Bank to pay P.E.I. The rights of the parties were not altered by the bank changing the form to a cashier's check. The drawers were not disadvantaged because their account was immediately chargeable upon presentation and acceptance of the check. The designated payee received the same amount of money as ordered by the drawer.

The trial court correctly granted Friendly National Bank's motion for summary judgment.

AFFIRMED.

ROMANG, P. J., and BOX, J., concur.